**TRANS WORLD AIRLINES, INC.,**
Appellant,

v.

**June CHRISTOPHEL, Appellee.**

Court of Appeals of Kentucky.

Oct. 12, 1973.

———————◆———————

Arnold Taylor of O'Hara, Ruberg, Cetrulo and Osborne, for appellant.

R. Barry Wehrman, Wehrman & Wehrman, Covington, for appellee.

THOMAS A. BALLANTINE, Jr., Special Commissioner.

Appellee, June Christophel, boarded an international flight of Trans World Airlines, hereafter TWA, at Greater Cincinnati Airport. Her luggage was checked through by TWA, and in some manner, a part of it was lost. Upon her return from Europe, she instituted an action against TWA to recover the value of the luggage and its contents. In addition, she asserted a claim for "great mental anguish, aggravation, and local transportation expenses." By its answer, TWA relied on the Warsaw Convention, 49 U.S.Stat. 3000 et seq., and attacked the sufficiency of the complaint for mental anguish.

The trial court permitted the introduction of evidence as to the claim for mental anguish, and instructed the jury that it could award damages therefor. The trial court also instructed the jury that it was the duty of TWA to advise appellee of the limitation of TWA's liability. The jury returned a verdict for appellee for $1,993. This verdict apparently represented an award of $743 for the lost luggage and contents and $1,250 for "mental anguish." After TWA's motion for a new trial or a judgment notwithstanding the verdict was overruled, this court sustained a motion for appeal.

We consider first the applicability of the Warsaw Convention. This treaty, among other things, limits the liability of international carriers for damage to property or the loss of property or life. While the terms of the treaty are undoubtedly harsh by contemporary standards, they remain today a part of the supreme law of the land. Constitution of the United States, Article VI.

■ The trial court, by its instructions, imposed a duty on TWA to advise appellee of the existence and terms of the treaty.

Whether or not such duty existed, it is undisputed that each sheet of the five page ticket issued to appellee contained three warnings that the provisions of the Warsaw Convention applied to international flights. The reverse side of each sheet contained one warning in type about twice the size of the rest of the printing on the page. The other warning, on the reverse

side, was in bold-face type in the body of the "Conditions of Contract." Appellee testified as follows:

Q. You opened the envelope and looked at the tickets, is that right?

A. Yes, sir.

Q. The idea of looking at the tickets was sort of fun, was it?

A. Yes.

Q. You looked over them very carefully?

A. Yes.

She further denied seeing the references to the limitation of liability.

TWA also introduced a notice, printed in red letters, on a sign ten inches wide and twelve and one half inches high, which gave notice of the limitation of liability and which was posted at the baggage check station.

 Appellee urges that TWA owed her a duty to give her actual notice of the limitation. We cannot agree. We hold that the notice, even if it were required, was adequate and that appellee was presumed to have seen it. (We point out that appellee is a well-educated woman, a teacher of English at the high school level and the holder of a Bachelor of Arts Degree and a Masters Degree). We further hold that since the Warsaw Convention is exclusive, it applies to the claim for the lost luggage. Since appellee introduced no evidence as to the weight of the luggage, by which the value of her claim is determined, we hold that she has failed to sustain the burden of proof on this count, and her claim must be dismissed.

In view of the limitation of liability set forth in the Warsaw Convention, we hold that its exclusive provisions bar the appellee's claim for mental anguish and inconvenience, and that the trial court erred in submitting this issue to the jury.

The judgment is reversed with directions that appellant's motion for a judgment notwithstanding the verdict be granted.

All concur.